## Klein's Estate

*Randolph Stauffer*, for accountant.

MARX, P. J., January 27, 1940.—Lucy E. Klein died unmarried and testate on February 12, 1939. Letters testamentary were awarded to Frederick Hunter Klein, executor, on February 16, 1939. The following extracts from the adjudication upon the final account of the executor define the question raised upon the adjudication.

The accountant requests distribution to himself as testamentary guardian of his son, or, failing that, to himself, the accountant, as testamentary trustee. Testatrix was the mother of Frederick Hunter Klein, the grandmother of Conrad Klein, 4th. By her will she gave, inter alia, as follows:

". . . to my grandson, Conrad Klein, 4th, the son of Frederick Hunter Klein, the sum of five hundred dollars, and appoint my son, Frederick Hunter Klein, as his guardian without bond to hold and invest said money for the benefit of my said grandson during his minority."

The request cannot be granted. The intended testamentary guardianship is invalid and the estate given is not an active trust.

A testamentary guardian is purely a creature of statute law. The common law recognized no such fiduciary: Ex parte Ilchester, 7 Ves. Jr. 348, 32 Eng. Repr. 142; Wardwell v. Wardwell, 9 Allen (Mass.), 518. By virtue of the statute 12 Charles II, chap. 24, sec. 8, 3 Eng. Stat. at L. 192, the father of a minor was enabled to "dispose of the custody and tuition of such child . . . to any person". Such disposition was "good and effectual against all and every person or persons claiming the custody or tuition of such child."

The functions and scope of authority of a testamentary guardian under that act are set forth in the ninth section, as follows:

" 'Such person or persons, to whom the custody of such child or children hath been or shall be so disposed or devised, shall and may take into his or their custody, to the use of such child or children, the profits of all lands, tenements and hereditaments of such child or children; and also the custody, tuition and management of the goods, chattels and personal estate of such child or children, till their respective age of one and twenty years, or any lesser time, according to such disposition aforesaid; and may bring such action or actions in relation thereunto, as by law a guardian in common socage might do' ": Sheetz's Estate, 19 Pa. C. C. 583, 584.

Enacted in 1660, those sections followed English colonization into America, were embodied in our law by statute: Act of January 28, 1777, 1 Sm. L. 429, 46 PS §152; and were so reported to the legislature of the Commonwealth by the judges of the Supreme Court of the Commonwealth

on December 14, 1808: 3 Binn. 595; Sheetz's Estate, supra, p. 585.

Section 4 of our Act of April 8, 1833, P. L. 249, provided that:

"Every person competent to make a will . . . being the father of any minor child unmarried, may devise the custody of such child during his or her minority, or for any shorter period."

In the light of this statute, the Supreme Court (Rogers, J.) said, in Vanartsdalen v. Vanartsdalen, 14 Pa. 384, 387 (1850):

"So far as the custody and care of the person of the infant is concerned, it cannot be doubted that a testamentary appointment by a grandfather, mother, or stranger, is simply void. But although a grandfather may not appoint, under the statute, a guardian for his grandson, in derogation of the unquestioned right of the father, yet there is nothing to prevent him from giving his estate to him on that condition." The court further said (p. 388), and this suggests a well-settled distinction:

"It is plain the testator does not mean to interfere with the natural right of the father to the custody and care of his children. All that is intended is to commit the management of the estate to his executors, who are appointed guardians of the children. It is of no sort of consequence that he designates them as guardians, rather than as trustees or curators of the estate for the benefit of the infants. The will must receive such a construction as is beneficial to the minors, at the same time carrying out the intention of the testator. The disposition in the will does not require the assent of the father, as none of his rights are affected by it, nor is it in his power to defeat its provisions, or, by any opposition, work a forfeiture of the estate, as perhaps might be the case if the grandfather had undertaken to deprive him of the care and management of his children. What right then has he to complain, when a grandfather or mother, or even a stranger, devises an estate to his children, coupled with a condition that its

care and management shall be intrusted to another rather than to him."

The grandfather had devised a farm to his daughter for life, remainder to her children, and appointed his son executor of his will and guardian of the grandchildren. The appointment imposed active trust duties on the son and he was held to be testamentary trustee, and not, as designated, guardian. Of like import is the decision in Colehower's Estate, 12 Phila. 78.

Section 6 of the Act of May 4, 1855, P. L. 430, withheld the right of appointment from any father who had, for one year and upwards, wilfully neglected and refused to provide for the child or children.

The Act of June 10, 1881, P. L. 96, sec. 1, gave the right of appointment of a testamentary guardian to the mother of a minor, "Provided, That the father be not living, or being deceased he has not appointed such guardian", and the mother "shall leave to such child an estate".

This right was extended (Act of May 25, 1887, P. L. 264) to cases of neglect or refusal, by the husband, to provide for his wife and children, or his desertion of them.

The last four foregoing statutes were repealed by the Wills Act of June 7, 1917, P. L. 403, sec. 27. They were supplanted by section 8 of the repealing act, which:

(*a*) Gives the right to appoint a testamentary guardian to the father or adopting father of the unmarried minor. The right of custody goes to such guardian only if the surviving mother or adopting mother of the minor consents, or the best interests of the child shall require that such surviving mother or adopting mother should not retain the custody of the person of such child;

(*b*) Gives the right of appointment to the mother or adopting mother of such minor "whenever the father or adopting father . . . shall be deceased, and has not appointed such a guardian. Such mother or adopting mother, who shall leave to such child an estate, either real or personal, may appoint a testamentary guardian for such estate of the child, whether the father or adopting father

of such child shall be living or dead, and whether he shall or shall not have appointed a testamentary guardian for such child";

(c) Withholds the aforesaid rights from fathers and mothers who shall have wilfully neglected or refused to provide for, or deserted the child or children, for one year or upwards previous to death.

Subsection (a) was amended by the Act of May 13, 1925, P. L. 689, by substituting for "father or adopting father" the "sole surviving parent or adopting parent" and by authorizing the appointment by such person, of a testamentary guardian "of the person or property or both of such child". The amendment further provides that "either parent may by will appoint a testamentary guardian for the estate, either real or personal, which he or she shall leave to such child, whether the other shall be living or dead".

Subsection (b) was amended by the Act of June 12, 1919, P. L. 443, by enlarging the appointing powers of the mother or adopting mother, as to a testamentary guardian, whenever the father or adopting father shall have wilfully neglected or refused to provide for the child, for one year and upwards, before the mother's or adopting mother's death, and she shall leave an estate to the child.

The functions and scope of authority of a testamentary guardian, as outlined in section 9 of 12 Charles II, chap. 24, supra, remain unchanged. That statute gave the guardian authority over both the person and the estate of the minor. The Act of 1925, supra, expressly provides that the appointed guardian may be "guardian of the person or property or both of such child during his or her minority". Under the former enactment, with the devise of the custody of the child went the custody, to the use of the child, of the profits of real estate of the child and the "custody, tuition and management" of the personal estate of the child, until attainment of the age of 21 years, or "any lesser time". It follows that custody and management of the estate are natural incidents of a guardianship,

and the fiduciary relationship arising therefrom is not sufficient to convert a guardianship into an active trust.

We find nowhere a grant of appointing powers to a grandparent. The right of any one to appoint a trustee over an estate bequeathed or devised by that person, to the grandchild, is well established. The appointment must, however, pertain to a trust in fact and not to a guardianship of the person or estate of the minor. It was said in Kuhn v. Newman, 26 Pa. 227 (1856), (overruled in Barnett's Appeal, 46 Pa. 392) at page 233:

"When . . . on a devise to minors, trustees are appointed to take care of the estate and educate and maintain the devisees until they arrive at age, the trust is void, except when it can be treated as a testamentary guardianship, which can be instituted only by the father."

The principle enunciated was not questioned, but the application to the facts of that case was faulty. The trust having failed, the gift survived to the minor, to be administered by a court-appointed guardian. This theory was applied in Garraty's Estate, 1 D. & C. 307; Mathiesen's Estate, 22 Dist. R. 481; Quinn's Estate, 15 Phila. 594; Holbrook's Estate, 18 Phila. 180. As said in Huston's Estate, 20 D. & C. 502, 503, duties "other than those ordinarily pertaining to a guardian" must be imposed in order that the estate given may constitute a trust.

The gift in this case was to the grandson. Title vested in him. The son was appointed the grandson's "guardian" under the duty "to hold and invest said money for the benefit of my said grandson during his minority". Expressly and actually, the bequest erected a guardianship and not an active trust. These significant distinctions are to be noted:

"A trustee has title to the trust property; a guardian . . . does not have title to the property, but has only certain powers and duties to deal therewith for the benefit of the ward, the ward having title to the property. The beneficiary of a trust has an equitable interest in the sub-

ject matter of the trust; a ward has normally a legal interest": A. L. I. Restatement of Trusts, §7.

We find, accordingly, that the estate here appointed is a guardianship in designation and in fact; that the appointment of a guardian by testatrix was without authority and is void; that the estate bequeathed vested in the grandson and that the administration thereof must be given to a guardian to be appointed by the court.